# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAINSWORTH MARCHELLUS HALL, | 1:09-cv-01083 LJO MJS HC |
| Petitioner, | ORDER GRANTING LEAVE TO AMEND TO FILE SUPPLEMENTAL PETITION AND DIRECTING CLERK OF COURT TO SEND BLANK § 2241 FORM PETITION |
| v. | |
| H.A. RIOS, Warden, | [Docs. 1, 6, 12, 14, 15] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on June 19, 2009. (Court Doc. 1.) On June 30, 2009, Petitioner filed a first amended petition. (Court Doc. 6.) On March 8, 2010, Petitioner filed a motion for leave to amend the petition. (Court Doc. 12.) On April 15, 2010, Petitioner filed a second amended petition. (Court Doc. 14.) On May 25, 2010, Petitioner filed a supplement to his petition for writ of habeas corpus. (Court Doc. 15.) This order shall address the motion, the three petitions, and the supplement.

## DISCUSSION

Rule 2 of the "Rules Governing Section 2254 Cases" provides that the petition "... must specify all the grounds for relief available to the petitioner; state the facts supporting each ground; state the relief requested..." Rule 2 of the Rules Governing 2254 Cases. Rule 2 further provides that the petition "must substantially follow either the form appended to these rules or a

form prescribed by a local district-court rule.  The clerk must make forms available to petitioners without charge." Id. at 2(c).

In addition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2255 Cases; see also  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

In the initial petition, Petitioner appears to challenge both his conviction and his current detention on jurisdictional and other grounds. (Court Doc. 1.) The first amended petition criticizes the jury instructions used at Petitioner's trial.  (Court Doc. 6.) The second amended petition complains of  the jury instructions and alleged violations of  due process  and the Eighth Amendment. (Court Doc. 14.)  Petitioner did not use the required standard form for any of the petitions.

The first and second amended petitions omit significant pleadings and attachments presented with the original petition. An amended petition supercedes the original, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)).  Petitioner's successive filings are not read together; only the most recent, the supplement, is currently before the court. It does not appear to constitute an appropriate petition.

The court will grant Petitioner an opportunity to review the pleadings and exhibits and reduce them to a single comprehensive petition which complies with the rules and the terms of this order.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to submit a third amended petition.  The amended petition should be clearly and boldly titled "THIRD AMENDED PETITION," contain the appropriate case

number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2241; and,

3. Petitioner is forewarned that his failure to comply with this order may result in a recommendation that his petition be dismissed.

IT IS SO ORDERED.

Dated: June 8, 2010        /s/ *Michael J. Seng*
                           UNITED STATES MAGISTRATE JUDGE