1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 WAINSWORTH MARCHELLUS HALL, ) | 1:09-cv-01083 LJO MJS HC |
| 11        Petitioner, ) | FINDINGS AND RECOMMENDATION |
| | REGARDING RESPONDENT'S MOTION |
| 12   v. ) | TO DISMISS |
| 13 ) | (Doc. 47) |
| H.A. RIOS, Warden, ) | |
| 14 ) | |
|        Respondent. ) | |
| 15 _____) | |

16
17   Petitioner is a federal prisoner proceeding pro se with a June 19, 2009, petition for writ

18 of habeas corpus pursuant to 28 U.S.C. § 2241.

19   Petitioner was convicted in 1994 of three offenses: (1) conspiracy to possess with intent

20 to distribute cocaine, cocaine base, and marijuana, 21 U.S.C. § 846; (2) engaging in a

21 continuing criminal enterprise (CCE), 21 U.S.C. § 848; and (3) conspiracy to launder money,

22 18 U.S.C. §§ 1956(a)(1)(B)(i) and 371. Petitioner received a sentence of life in prison.

23   At the time of filing the instant petition, Petitioner was incarcerated at the United States

24 Penitentiary in Atwater, California.  Petitioner subsequently was transferred to the Federal

25 Correctional Complex in Coleman, Florida.[1] Petitioner asserts that his conviction for engaging

26 in a continuing criminal enterprise should be overturned based on intervening Supreme Court

27

28 _____
  [1] Jurisdiction attaches with filing of the petition in this district and this Court is not divested of jurisdiction based on subsequent transfer. See Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

1    authority in <u>Richardson v. United States</u>, 526 U.S. 813 (1999).

2           On September 8, 2010, the Court ordered Respondent to file a response to the petition.

3    On July 12, 2011, Respondent filed a motion to dismiss the petition based on the Court's lack

4    of jurisdiction to hear Petitioner's claim.[2] (Mot. to Dismiss, ECF No. 47.) On December 9, 2011,

5    Petitioner filed a reply to the motion to dismiss. (Reply, ECF No. 56.)

6    **I.      PROCEDURAL GROUNDS FOR MOTION TO DISMISS**

7           Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism

8    and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh</u>

9    <u>v. Murphy</u>, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); <u>Jeffries v. Wood</u>,

10   114 F.3d 1484, 1499 (9th Cir. 1997).

11          The Rules Governing Section 2254 Cases in the United States District Courts are

12   appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Rule 1(b) of

13   the Rules Governing Section 2254 Cases. Rule 4 of the Rules Governing Section 2254 Cases

14   allows a district court to dismiss a petition if it "plainly appears from the petition and any

15   attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of

16   the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file

17   a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to

18   exhaust state remedies or being in violation of the state's procedural rules. <u>See, e.g.</u>,

19   <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to

20   dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03

21   (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state

22   procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

23   Thus, a respondent can file a motion to dismiss after the Court orders a response, and the

24   Court should use Rule 4 standards to review the motion. <u>See Hillery</u>, 533 F. Supp. at 1194 &

25   n. 12.

26   _____

27          [2]Respondent also requests the court to dismiss the petition in light of Petitioner's failure to follow court
     orders when amending his petition. The Court finds it appropriate to address the legal issues foreclosing it from
28   addressing Petitioner's claims, and shall not consider Respondent's other challenges to the petition.

1

## II.   FACTUAL AND PROCEDURAL HISTORY

2

Petitioner was sentenced to life imprisonment on the continuing criminal enterprise

3   count, in violation of 21 U.S.C. § 848, and 240 months for money laundering, in violation of 18

4   U.S.C. § 1956(a)(1)(B)(I), by the United States District Court in Norfolk, Virginia. Petitioner

5   appealed the judgment to the Fourth Circuit Court of Appeals. The appeal was denied. United

6   States v. Hall, 93 F.3d 126 (4th Cir. 1996).   Petitioner then filed a motion to vacate his

7   conviction by way of a § 2255 motion in United States v. Hall, 30 F. Supp. 2nd 883 (E.D. VA

8   1998), which was also denied.

9

Prior to his appeal of the § 2255 motion, the United States Supreme Court decided

10   Richardson v. United States, 526 U.S. 813 (U.S. 1999). In Richardson, the Supreme Court

11   addressed a split of circuit authority regarding finding a continuing criminal enterprise and

12   specifically reversed the holding of the Fourth Circuit in Petitioner's direct appeal, United

13   States v. Hall, 93 F.3d 126 (4th Cir. 1996).  The Supreme Court held:

14

> The question before us arises out of the trial court's instruction about the
> statute's "series of violations" requirement. The judge rejected Richardson's
> proposal to instruct the jury that it must "unanimously agree on which three acts
> constituted [the] series of violations." App. 21. Instead, the judge instructed the
> jurors that they "must unanimously agree that the defendant committed at least
> three federal narcotics offenses," while adding, "you do not . . . have to agree as
> to the particular three or more federal narcotics offenses committed by the
> defendant." Id. at 37. On appeal, the Seventh Circuit upheld the trial judge's
> instruction. 130 F.3d 765, 779 (1998). Recognizing a split in the Circuits on the
> matter, we granted certiorari. Compare United States v. Edmonds, 80 F.3d 810,
> 822 (3rd Cir. 1996) (en banc) (jury must unanimously agree on which "violations"
> constitute the series), **with United States v. Hall, 93 F.3d 126, 129 (4th Cir.
> 1996) (unanimity with respect to particular "violations" is not required)**, and
> United States v. Anderson, 309 U.S. App. D.C. 54, 39 F.3d 331, 350-351 (D.C.
> Cir. 1994) (same). **We now conclude that unanimity in respect to each
> individual violation is necessary.**

15

16

17

18

19

20

21

22

Richardson v. United States, 526 U.S. 813 (U.S. 1999) (emphasis added).

23

After the Supreme Court decision in Richardson, the Fourth Circuit reviewed the denial

24   of the § 2255 motion. In its denial, the Fourth Circuit addressed how the impact of the holding

25   of Richardson did not change the outcome of Petitioner's appeal. The following is the entirety

26   of the Fourth Circuit's opinion:

27

> Wainsworth Marcellus Hall seeks to appeal the district court's order denying his
> motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999).  We have reviewed

28

the record and the district court's opinion and find no reversible error. Hall is entitled to no relief under <u>Richardson v. United States</u>, 526 U.S. 813 (1999) (shortened citation). The district court instructed the jury at trial that it must unanimously agree on which acts constituted the continuing series of violations under 21 U.S.C.A. § 848 (West Supp. 1999). <u>See United States v. Hall</u>, 93 F.3d 126, 129 (4th Cir. 1996). Therefore, we deny Hall's motions to stay the appeal. We deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. <u>See United States v. Hall</u>, Nos. CR-93-162; CA-98-215 (E.D. Va. Dec. 3, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. DISMISSED.

<u>United States v. Hall</u>, 187 F.3d 632, 1999 WL 587893, 1999 U.S. App. LEXIS 18281 (4th Cir. 1999).

On February 6, 2002 and December 26, 2007 respectively, the Fourth Circuit denied separate successive § 2255 motions for failure to show the requisite requirements to bring such a petition. <u>United States v. Hall</u>, 26 Fed. Appx. 335, 336 (4th Cir. 2002); <u>United States v. Hall</u>, 259 Fed. Appx. 572 (4th Cir. 2007). Petitioner now attempts to challenge his conviction by way of a petition for writ of habeas corpus under 28 U.S.C. § 2244.

## II.    **JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988). In such cases, only the sentencing court has jurisdiction. <u>Id.</u> at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); <u>Tripati</u>, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Hernandez</u>, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to

1   § 2255 and not a habeas petition pursuant to § 2241.

2          The Ninth Circuit has recognized a narrow exception allowing a federal prisoner

3   authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion

4   under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v.

5   United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952,

6   956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id.

7   Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May,

8   85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to

9   render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears

10  of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage,

11  250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden

12  is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United

13  States, 315 F.2d 76, 83 (9th Cir. 1963).

14         The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape

15  hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had

16  an 'unobstructed procedural shot' at presenting that claim.  Stephens v. Herrera, 464 F.3d

17  895, 898 (9th Cir. 2006).

18         In this case, Petitioner is challenging the validity and constitutionality of his federal

19  sentence imposed by a federal court, rather than an error in the administration of his sentence.

20  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the

21  sentencing court, not a habeas petition pursuant to § 2241 in this Court.

22  **III.    SUCCESSIVE § 2255 MOTIONS**

23         Petitioner argues, however, that § 2255 is inadequate and ineffective because he has

24  already filed two § 2255 motions and both have been denied. Under the AEDPA, a prisoner

25  may not bring a second or successive § 2255 motion in district court unless "a panel of the

26  appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence

27  that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish

28  by clear and convincing evidence that no reasonable factfinder would have found the movant

1  guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on

2  collateral review by the Supreme Court, that was previously  unavailable. 28 U.S.C. § 2255;

3  see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). Petitioner fails to meet either of

4  these requirements. Specifically, the Ninth Circuit has held that Richardson claims are not

5  properly heard by way of subsequent § 2255 motions. See Stephens v. Herrera, 464 F.3d at

6  898; United States v. Reyes, 358 F.3d 1095, 1096 (9th Cir. 2004). In Reyes, the Ninth Circuit

7  reasoned:

8       Although Richardson is applied retroactively to initial habeas petitions as a new
        substantive rule of criminal law, United States v. Montalvo, 331 F.3d 1052, 1055
9       (9th Cir. 2003), it cannot form the basis of a second or successive habeas
        petition. A second or successive motion is allowed under 28 U.S.C. § 2255,
10      subject to certification pursuant to 28 U.S.C. § 2244, only if it contains "a new
        rule of constitutional law, made retroactive to cases on collateral review by the
11      Supreme Court, that was previously unavailable" or on other grounds not
        applicable here. 28 U.S.C. § 2255; Tyler v. Cain, 533 U.S. 656, 660-61, 150 L.
12      Ed. 2d 632, 121 S. Ct. 2478 (2001).

13      Richardson held, as a matter of statutory interpretation, that the jury in a CCE
        case must unanimously agree not only that defendant committed a "continuing
14      series of violations," but must also reach unanimous agreement as to the
        specific violations that make up the continuing series. 526 U.S. at 817-24. The
15      Court specifically avoided reaching any constitutional questions. See 526 U.S.
        at 820 ("We have no reason to believe that Congress intended to come close
16      to, or to test, those constitutional limits when it wrote this statute.") Thus,
        Richardson did not decide a "new rule of constitutional law" as required as a
17      prerequisite to a second habeas petition, and the district court was required to
        dismiss the petition under 28 U.S.C. § 2255.

18

19  Reyes, 358 F.3d at 1096. Accordingly, Petitioner does not qualify to file a successive Section

20  2255 motion.

21  **IV.    ESCAPE HATCH UNDER § 2241**

22      Nevertheless, Petitioner's inability to meet the statutory requirements for filing a

23  successive  § 2255 motion does not automatically render the remedy under Section 2255

24  inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999)

25  (concluding that a § 2255 movant may not avoid the limitations imposed on successive

26  petitions by styling his petition as one pursuant to  § 2241 rather than  § 2255, and that the

27  AEDPA required dismissal of petitioner's successive  § 2255 motion because his claim was

28  based neither on a new rule of constitutional law made retroactive by the Supreme Court nor

U.S. District Court
E. D. California

on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claim via a habeas petition pursuant to § 2241 because a panel of the court of appeals would refuse to certify a second or successive motion under § 2255, Petitioner's argument fails. § 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Further, as previously stated, the remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a previous § 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective'"); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural limits on filing second or successive § 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that § 2255 remedy was ineffective because he was denied permission to file a successive § 2255 motion, and stating that dismissal of a subsequent § 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); Tripati, 843 F.2d at 1162-63.

        Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of § 2255 as he neither shown that (1) his claim qualifies as one of actual innocence, or that (2) he was denied an 'unobstructed procedural shot' at presenting that claim. Stephens, 464 F.3d at 898. First, Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence

against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Like the petitioner in Stephens, Petitioner's Richardson claim does not serve to show his actual innocence:

> A Richardson claim is not, by itself, a claim of actual innocence. Rather, it is a claim that the jury has not been told that § 848 requires unanimous agreement on the three particular acts comprising the "series of violations." A jury might conceivably convict an innocent person of violating § 848 because of an instruction given in violation of Richardson, but the mere fact of an improper instruction is not sufficient to meet the test for actual innocence. As the Sixth Circuit wrote in Paulino v. United States, 352 F.3d 1056, 1061 (6th Cir. 2003), "Richardson does not render defendants who were convicted of conducting a [continuing criminal enterprise] 'not guilty,' or 'actually innocent,' merely because the trial court gave instructions that did not comply with the rule announced therein[.]"

Stephens, 464 F.3d at 899.

Here, Petitioner asserts that if properly instructed, the jury would not have found him guilty of the offense. Such a claim is plainly refuted by the finding of the Fourth Circuit in denying Petitioner's Section 2255 motion. United States v. Hall, 1999 U.S. App. LEXIS 18281 (4th Cir. 1999). The Fourth Circuit found that the trial court gave the proper instruction requiring unanimous findings by the jury regarding the violations for CCE even though the Fourth Circuit had held such an instruction was not necessary. The Fourth Circuit found Petitioner would be considered guilty even under the standard set forth in Richardson. Accordingly, Petitioner has not shown that it is more likely than not that no reasonable juror would have found him guilty of CCE. Petitioner cannot show that he is actually innocent.

Furthermore, Petitioner cannot show that he was denied the opportunity of having an "unobstructed procedural shot" of presenting the claim by way of a § 2255 motion. In Stephens, the Ninth circuit held that petitioner was not able to present his claim by way of a § 2255 motion because Richardson was decided after the court of appeals denied the § 2255 motion. See Stephens, 464 F.3d at 898; Harrison v. Ollison, 519 F.3d at 960 ("In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision."). Here, the

1   Fourth Circuit denied the appeal of the of Petitioner's Section 2255 motion after <u>Richardson</u>

2   was decided. The court specifically addressed the impact of <u>Richardson</u>, and found it

3   appropriate to deny the appeal. The court could have vacated the district court's order and

4   remanded the matter in light of the intervening authority of <u>Richardson</u>. It clearly felt further

5   inquiry was not necessary. Based on the procedural history as described, Petitioner has failed

6   to show that he was denied the opportunity of an unobstructed procedural shot of presenting

7   his claim.

8       Based on the foregoing, the Court finds that Petitioner has not demonstrated § 2255

9   constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, § 2241

10  is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed

11  for lack of jurisdiction.

12  **V.      RECOMMENDATION**

13      Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of

14  habeas corpus be DISMISSED.

15      These Findings and Recommendations are submitted to the assigned United States

16  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

17  304 of the Local Rules of Practice for the United States District Court, Eastern District of

18  California. Within thirty (30) days after being served with a copy, Petitioner may file written

19  objections with the Court. Such a document should be captioned "Objections to Magistrate

20  Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's

21  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections

22  within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u>

23  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

24

25

26  IT IS SO ORDERED.

27  Dated:    __January 10, 2012__        /s/ _Michael J. Seng_
                                            UNITED STATES MAGISTRATE JUDGE

28